# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER T. SAMPSON,<br><br>                            Plaintiff,<br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>                            Defendant. | CASE NO. 07 CV 0323 JM (LSP)<br><br>**ORDER GRANTING MOTION FOR AWARD OF ATTORNEY'S FEES** |

Plaintiff filed an amended Motion and Petition for Award for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on August 5, 2008 (the "Motion"). Defendant filed an opposition on August 18, 2008, contesting the $7,447.70 fee amount requested by Plaintiff as unreasonable. Plaintiff did not submit a Reply. On September 5, 2008, the court took the matter under submission without oral argument. For the reasons set forth below, the court grants Plaintiff's motion for an award of attorney's fees and costs in the amount of $5100.00.

**I. Background**

Plaintiff filed an application for supplemental security income payments based on alleged disability under Title XVI of the Social Security Act on February 4, 2004 (Tr. 73-74). An administrative law judge ("ALJ") issued an unfavorable decision on March 15, 2006, denying Plaintiff's claims (Tr. 9-17). The Appeals Council denied Plaintiff's request for review of the ALJ's

decision, rendering the ALJ's decision the final decision of the Commissioner of Social Security, and subject to judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) (Tr. 5-7).

## II. Applicable Law

Under the EAJA,

> a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). With respect to attorney fees, however, the statute contemplates an award only for those which are "reasonable." 28 U.S.C. § 2412(d)(2)(A). Although courts may consider an array of factors in its reasonableness analysis, "including the important factor of the 'results obtained,'" "many [factors] usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)(quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974)). Even where a "plaintiff has obtained excellent results," the attorney's full compensation is based only on the "hours *reasonably* expended on the litigation." *Id.* at 435 (emphasis added). The present circumstances do not warrant an enhancement of the award; the results of the case and the nature and complexity of the issues are of the type typically included in a standard reasonable fee. Thus, the court's calculation is based primarily on the "hourly rate" and "hours expended" figures presented in Plaintiff's request.

### A. Hourly Rate

According to the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor...justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff used a $170 per hour rate for his calculation. Plaintiff did not allege any statistical basis (such as the consumer price index), nor any "special factor," warranted the adjustment to the hourly rate. However, as the government did not object to the increase, the court adopts this figure in calculating reasonable attorney fees. See *U.S. v. 22249 Dolorosa Street,* 190 F.3d 977 (9th Cir. 1999).

### B. Total Number of Hours Expended

Defendant argues the total number of hours expended by Plaintiff's attorney is unreasonable given the facts of this particular case. Plaintiff cites to *Hensley* for the proposition that "excellent results" warrant a "fully compensatory fee." *Hensley,* 461 U.S. at 435. However, *Hensley* requires a correlation between the results obtained and the "hours expended" in pursuit of the result. Thus, a reasonable number of hours expended may be less where the matter does not proceed to full briefing and hearing.

Indeed, in this case, the parties settled the issue of remand without full briefing or a hearing before the district court.

Although Plaintiff bears the burden of proving the reasonableness of the fees sought, beyond providing an itemized list of charges and referring to the fee total as "reasonable," Plaintiff makes no additional argument in support of his requested fees. *Id.* at 437; Mem. Supp. Mot. 11.

Defendant, however, cites to judicial decisions detailing a range of appropriate hourly expenditures for standard Social Security disability cases of 15 to 30 hours. Opp'n Mot. 3. More specifically, Defendant contends the hours expended for Plaintiff to obtain an extension of time (1.62 hours), review the administrative record (6.25 hours), and perform activities requiring lesser skill (13.21 hours), were not reasonable. Opp'n Mot. 4, 5. The court finds Defendant's arguments persuasive given the nature and difficulty of the case and the nature and extent of the litigation at the administrative level. The central issue here was not particularly unique and did not require a high degree of specialization. See *Pierce v. Underwood*, 487 U.S. 552, 572-73. Therefore, the court reduces the total number of hours expended from 43.81 to 30, which represents the high end of the normal range of time for comparable cases.

///
///
///
///
///
///

### III. Conclusion

Based on an hourly rate of $170 per hour and 30 hours expended, the court finds Plaintiff is entitled to recover reasonable attorney fees in the amount of $5100.00. For the foregoing reasons, Plaintiff's Motion for Award of Attorney's Fees is **GRANTED** in the amount of $5100.00.

**IT IS SO ORDERED.**

DATED: September 16, 2008

Hon. Jeffrey T. Miller
United States District Judge